# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF FLORIDA
# JACKSONVILLE DIVISION

YVON ROODY JOINVILLE,

    Plaintiff,

v.                                            Case No. 3:23-cv-996-MMH-JBT

NASSAU COUNTY SCHOOL
BOARD, et al.,

    Defendants.

_____

# O R D E R

**THIS CAUSE** is before the Court on Defendant Burns' Motion to Dismiss Counts III and V of Plaintiff's Second Amended Complaint and Supporting Memorandum of Law (Doc. 27; Motion), filed November 13, 2023. In the Motion, Defendant Dr. Kathy Burns requests that the Court dismiss Plaintiff Yvon Joinville's Second Amended Complaint and Demand for Jury Trial (Doc. 22) pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure (Rule(s)). Joinville timely filed a response. See Plaintiff's Response in Opposition to Defendant Burns' Motion to Dismiss and Memorandum of Law (Doc. 33; Response), filed December 11, 2023. Burns then filed a reply. See Defendant Burns' Reply to Plaintiff's Response in Opposition to Her Motion to Dismiss (Doc. 36; Reply), filed January 3, 2024. And Joinville filed a sur-reply. See

Plaintiff's Sur-Reply in Opposition to Defendant Burns' Motion to Dismiss and Memorandum of Law (Doc. 37; Sur-Reply), filed January 12, 2024.[1] Accordingly, this matter is ripe for review.

## I. Background[2]

Yvon Joinville is a Black Haitian male who was appointed by the Nassau County School Board (NCSB) to serve as the principal of Yulee High School. Second Amended Complaint ¶¶ 13, 16. The NCSB appointed Joinville "during the beginning of the global COVID-19 pandemic" and he "worked diligently to address the unique challenges" that the pandemic presented. Id. ¶¶ 16, 19. Despite Joinville's efforts, Dr. Burns (NCSB's Superintendent) began to discriminate against him. Id. ¶ 20. Specifically, Burns "repeatedly mocked [Joinville's] Haitian accent"; "frequently dismissed [his] ideas for improving the school and district and would refer to him as a 'transplant'"; held him "to a higher standard than the other principals who were Caucasian or born in the United States"; and gave him "a 'needs improvement' performance review in

---

[1] The Reply and Sur-Reply were filed with leave from the Court. See Order (Doc. 35), entered December 19, 2023.

[2] In considering the Motion, the Court must accept all factual allegations in the Second Amended Complaint as true, consider the allegations in the light most favorable to Joinville, and accept all reasonable inferences that can be drawn from such allegations. See Hill v. White, 321 F.3d 1334, 1335 (11th Cir. 2003); Jackson v. Okaloosa County, 21 F.3d 1531, 1534 (11th Cir. 1994). As such, the facts recited here are drawn from the Second Amended Complaint and may well differ from those that ultimately can be proved.

May 2021, the lowest rating given to any district principal that year." Id. ¶¶ 20, 21, 23, 26.

In addition to these instances of discrimination, Burns, as Superintendent, "was tasked with recommending to NCSB which of its administrative and supervisory personnel would be appointed for the 2022–2023 school year pursuant to Florida Statutes section 1012.22." Id. ¶ 29. NCSB is then tasked with "the responsibility of approving or rejecting Dr. Burns' appointment recommendations." Id. ¶ 30. Pursuant to this authority, at a May 26, 2022, school board meeting, Burns "did not [recommend] the reappointment of [Joinville] as principal of Yulee High School." Id. ¶ 32. "Instead, [she] left the role vacant" and listed it as "'TBA' on the meeting agenda." Id. Then, at a June 9, 2022, school board meeting, Burns recommended someone other than Joinville for the position of Yulee High School principal. Id. ¶ 34. Based upon this recommendation, "NCSB voted to approve the appointment of Lori Amos 'to replace Roody Joinville.'" Id. As a result of Joinville's non-reappointment as principal, "his employment with NCSB terminated upon the expiration of his annual contract on June 30, 2023." Id. ¶ 35. Based on these facts, Joinville alleges that "Burns intentionally discriminated against [him] because of his race" when she "exercised her final policymaking authority" to not recommend him for reappointment as the Principal of Yulee High School. Id. ¶¶ 82, 85. Joinville further alleges that this

decision "resulted in the expiration of [his] annual contract and termination of [his] employment." Id. ¶ 82.

## II. Legal Standard

In ruling on a motion to dismiss pursuant to Rule 12(b)(6), the Court must accept the factual allegations set forth in the complaint as true. See Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009); Swierkiewicz v. Sorema N.A., 534 U.S. 506, 508 n.1 (2002); see also Lotierzo v. Woman's World Med. Ctr., Inc., 278 F.3d 1180, 1182 (11th Cir. 2002). In addition, all reasonable inferences should be drawn in favor of the plaintiff. See Randall v. Scott, 610 F.3d 701, 705 (11th Cir. 2010). Nonetheless, the plaintiff must still meet some minimal pleading requirements. Jackson v. Bellsouth Telecomm., 372 F.3d 1250, 1262–63 (11th Cir. 2004) (citations omitted). Indeed, while "[s]pecific facts are not necessary," the complaint should "'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" Erickson v. Pardus, 551 U.S. 89, 93 (2007) (per curiam) (quoting Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007)). Further, the plaintiff must allege "enough facts to state a claim to relief that is plausible on its face." Twombly, 550 U.S. at 570. "A claim has facial plausibility when the pleaded factual content allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Iqbal, 556 U.S. at 678 (citing Twombly, 550 U.S. at 556).

The "plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." Twombly, 550 U.S. at 555 (internal quotations omitted); see also Jackson, 372 F.3d at 1262 (explaining that "conclusory allegations, unwarranted deductions of facts or legal conclusions masquerading as facts will not prevent dismissal") (internal citation and quotations omitted). Indeed, "the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions," which simply "are not entitled to [an] assumption of truth." Iqbal, 556 U.S. at 678, 680. Thus, in ruling on a motion to dismiss, the Court must determine whether the complaint contains "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Id. at 678 (quoting Twombly, 550 U.S. at 570).

### III.  Discussion

Relevant here, Joinville asserts two claims against Burns in the Second Amended Complaint: (1) discrimination in violation of the Equal Protection Clause and 42 U.S.C. § 1981 in her official capacity pursuant to 42 U.S.C. § 1983 and (2) discrimination in violation of the Equal Protection Clause and 42 U.S.C. § 1981 in her individual capacity pursuant to 42 U.S.C. § 1983.

See Second Amended Complaint at 8, 13.[3] Burns moves to dismiss both counts, contending that Count III (the official capacity claim) and Count V (the individual capacity claim) fail to state a claim for relief under Rule 12(b)(6). Motion at 1. Joinville agrees that Count III should be dismissed, but argues that Count V states a plausible claim for relief. Response at 3, 4. For the reasons discussed below, the Motion is due to be granted in-part and denied in-part, and Joinville will be directed to file a third amended complaint.

### A. Count III

In Count III, Joinville brings a claim under 42 U.S.C. § 1983 alleging that Burns, in her official capacity, discriminated against him in violation of the Equal Protection Clause and 42 U.S.C. § 1981. Second Amended Complaint at 8. Burns moves to dismiss this count, arguing that "it is quite well settled that Plaintiff's Section 1983 claims against Dr. Burns in her official capacity are duplicative of Plaintiff's identical § 1983 claims against [NCSB in Count IV], and are therefore subject to dismissal." Motion at 17 (citing Yeldell v. Cooper Green Hosp., Inc., 956 F.2d 1056, 1060 (11th Cir. 1992)). Joinville acknowledges that "claims against a government employee in his or her 'official capacity' are

---

[3] In the Second Amended Complaint, Joinville also brings three claims against NCSB: (1) discrimination in violation of Title VII of the Civil Rights Act; (2) discrimination in violation of the Florida Civil Rights Act; and (3) discrimination in violation of the Equal Protection Clause and 42 U.S.C. § 1981 pursuant to 42 U.S.C. § 1983. See Second Amended Complaint at 6, 7, 10. NCSB does not move to dismiss these claims, thus, the Court does not address the merits of these claims.

duplicative of claims against the entity itself." Response at 3–4 (citing Busby v. City of Orlando, 931 F.2d 764 (11th Cir. 1991)). And therefore agrees that, "[b]ased on a review of Busby and its progeny, Defendant NCSB is the proper party for Plaintiff's claims against Defendant Burns as superintendent of Defendant NCSB." Id. at 4. Thus, Joinville "consents to the dismissal of count three pursuing claims against Defendant Burns in her official capacity under 42 U.S.C. § 1983." Id. Accordingly, to the extent Burns seeks to dismiss Count III because it is duplicative of Count IV, the Motion is due to be granted.

### B. Count V

In Count V, Joinville brings a claim under 42 U.S.C. § 1983 alleging that Burns, in her individual capacity, discriminated against him in violation of the Equal Protection Clause and 42 U.S.C. § 1981. Second Amended Complaint at 13. Burns moves to dismiss this count, arguing that Joinville has failed to allege that she can be held individually liable. Motion at 19. As explained below, although the facts Joinville alleges in the Second Amended Complaint appear to raise a reasonable inference that Burns can be held individually liable, Joinville alleges a contrary legal theory in Count V. Joinville will therefore be given an opportunity to correct his pleading by filing a third amended complaint consistent with the directives in this Order.

The Court begins by noting that "the Eleventh Circuit [has] distinguished between 'policymakers' (who have the power to take actions that result in

municipal liability under 42 U.S.C. § 1983) and 'decisionmakers' (who have the power to make official decisions that result in individual liability under section 1983)." Oakes Farms Food & Distribution Servs., LLC v. Sch. Dist. of Lee Cnty., Fla., 541 F. Supp. 3d 1334, 1344 (M.D. Fla. 2021) (citing Quinn v. Monroe Cnty., 330 F.3d 1320, 1326 (11th Cir. 2003)).[4] As to municipal liability, "[o]nly those . . . officers who have final policymaking authority may by their actions subject the government to § 1983 liability." Kamensky v. Dean, 148 F. App'x 878, 880 (11th Cir. 2005) (quoting Matthews v. Columbia Cnty., 294 F.3d 1294, 1297 (11th Cir. 2002)).[5] This is so because "governmental entities cannot be held liable under § 1983 on a theory of respondeat superior, but rather may be held liable only for the execution of a governmental policy or custom." Id. (citing Quinn, 330 F.3d at 1325). Consequently, "[m]unicipal liability may arise with regards to an employment decision, such as a termination, provided that the decisionmaker 'possesses final authority to establish municipal policy with respect to the action ordered.'" Quinn, 330 F.3d at 1325 (quoting Pembaur v. City of Cincinnati, 475 U.S. 469, 481 (1986)). Accordingly, the key inquiry in

---

[4] The Court notes that although decisions of other district courts are not binding, they may be cited as persuasive authority. See Stone v. First Union Corp., 371 F.3d 1305, 1310 (11th Cir. 2004) (noting that, "[a]lthough a district court would not be bound to follow any other district court's determination, the decision would have significant persuasive effects").

[5] The Court does not rely on unpublished opinions as binding precedent, but they may be cited in this Order when the Court finds them persuasive on a particular point. See McNamara v. GEICO, 30 F.4th 1055, 1060–61 (11th Cir. 2022); see generally Fed. R. App. P. 32.1; 11th Cir. R. 36–2 ("Unpublished opinions are not considered binding precedent, but they may be cited as persuasive authority.").

official capacity claims is whether the individual is a "final policy maker" such that the municipality itself can be held liable. Id. at 1326.

Conversely, an official can be held individually liable if the official has "the power to make official decisions[.]" Id. This makes sense as an individual "should not be able to create municipal liability when violating official policy," but also should not be allowed "to elude individual liability for [the person's] own unlawful actions." Id. at 1328 (emphasis in original). Accordingly, the key inquiry in individual capacity claims is whether the individual is an "official decisionmaker." Id. at 1326. And this determination is often made, "in the case of public entity employees, by examining the statutory authority of the official alleged to have made the decision." Id. at 1328.

The distinction between these two concepts is not purely academic. As the Eleventh Circuit has warned, the "conflation of the 'final policymaker' and 'decisionmaker' inquiries [can] lead to untenable legal consequences." Id. For this reason, when properly done, the "'final policymaker' inquiry addresses who takes actions that may cause the municipality (here, [NCSB]) to be held liable for a custom or policy" while the "'decisionmaker' inquiry addresses who has the power to make official decisions and, thus, be held individually liable." Id. at 1326.

In this action, Joinville appears to conflate these two concepts. In the Second Amended Complaint Joinville alleges that:

> Dr. Burns, as Superintendent was tasked with recommending to NCSB which of its administrative and supervisory personnel would be appointed for the 2022–2023 school year pursuant to Florida Statutes section 1012.22;
>
> Dr. Burns' recommendation to NCSB, which was presented at the May 26, 2022 School Board meeting, did not include the reappointment of Plaintiff as principal of Yulee High School; [and]
>
> the consequence of Plaintiff's non-reappointment as principal of Yulee High School was that his employment with NCSB terminated upon the expiration of his annual contract on June 30, 2022.

Second Amended Complaint ¶¶ 29, 32, 35 (alterations omitted). These allegations appear to support a reasonable inference that Burns was the "official decision maker" with regard to the decision not to recommend Joinville for reappointment as the principal of Yulee High School. Notably, Florida Statute section 1012.22 provides that the "district school board shall act upon written recommendations by the district school superintendent for positions to be filled[.]" Thus, under section 1012.22 Burns had the authority to determine which individuals she would recommend to NCSB for reappointment. And, taking the allegations in the Second Amended Complaint as true, misused this authority by failing to recommend Joinville "because of his race." Second Amended Complaint ¶ 85; see also Quinn, 330 F.3d at 1328 ("[A]n official or formal decision-maker may often be identified . . . in the case of public entity employers, by examining the statutory authority of the official alleged to have made the decision.").

However, although the factual allegations in the Second Amended Complaint appear to support a reasonable inference that Burns could be found to be individually liable, in Count V Joinville seems to be asserting a contrary legal theory. Specifically, in Count V Joinville alleges that "Burns exercised her <u>final policymaking authority</u> when she recommended that Plaintiff not be reappointed as the Principal of Yulee High School" and that Burns therefore "had <u>final policy-making authority</u> regarding the decision to terminate Plaintiff." Second Amended Complaint ¶¶ 82, 83 (emphasis added). Based upon these allegations, in Count V Joinville appears to assert the elements of an official capacity/municipal liability claim by alleging that Burns was a <u>final policy maker</u> (an allegation needed to maintain an official capacity claim), instead of alleging that she was an <u>official decision maker</u> (the allegation needed to maintain an individual capacity claim). But, as noted above, Joinville has acknowledged that any claim against Burns in her official capacity as a final policy maker is redundant of the claim against NCSB. And he agrees that such a claim should be dismissed. Yet, confusingly, in attempting to assert his "official capacity" claim against Burns in Count III, Joinville alleges that "Burns, in her official capacity, <u>had final decision-making authority</u> instead of Defendant NCSB." <u>Id.</u> ¶ 49 (emphasis added). This allegation would support the claim of individual liability that Joinville seeks to bring in Count V. Because it appears that Joinville has conflated the elements of the claims in Counts III

and V, and because his factual allegations, if pled in the proper count, would be sufficient to state a plausible individual liability claim—the claim he purports to set forth in Count V, the Court will give Joinville an opportunity to correct his pleading. See Barteet v. Eismann, No. 13-80434-CIV, 2013 WL 5236640, at *3 (S.D. Fla. Sept. 17, 2013) ("Although it appears from Plaintiff's response memorandum . . . that she now claims the individual defendants are official decision makers, the Complaint fails to allege that fact."). The Court will therefore direct Joinville to file a third amended complaint to clarify which legal theory he is attempting to assert in Count V. Joinville shall make no other changes in his third amended complaint, and Defendants shall file an answer in accordance with the requirements of Rule 15 of the Federal Rules of Civil Procedure.

Accordingly, it is

**ORDERED:**

1. Defendant Burns' Motion to Dismiss Counts III and V of Plaintiff's Second Amended Complaint and Supporting Memorandum of Law (Doc. 27) is **GRANTED in-part** and **DENIED in-part**.

2. The Motion is **granted** with respect to the official capacity claim Joinville seeks to assert in Count III of Plaintiff's Second Amended Complaint (Doc. 22), and this Count is **DISMISSED without prejudice**.

3. The Motion is **denied without prejudice** with respect to Count V of Plaintiff's Second Amended Complaint (Doc. 22).

4. Plaintiff shall file a third amended complaint consistent with the directives of this Order on or before **June 21, 2024**. Failure to do so may result in a dismissal of this action.

5. Defendants shall respond to the third amended complaint in accordance with the requirements of Rule 15 of the Federal Rules of Civil Procedure.

**DONE AND ORDERED** in Jacksonville, Florida this 4th day of June, 2024.

MARCIA MORALES HOWARD
United States District Judge

Lc32

Copies to:
Counsel of Record